**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Christan Walkker,

      Plaintiff

v.

Lovelock Correctional Center, et al.,

      Defendants

Case No.: 2:26-cv-00489-JAD-BNW

**Order Screening and Dismissing Complaint with Leave to Amend by September 10, 2026**

[ECF No. 1-1]

Plaintiff Christan Walkker brings this civil-rights action under 42 U.S.C. § 1983, claiming that his rights were violated when his property was not properly inventoried and returned to him."[1]  Because Walkker applies to proceed *in forma pauperis*,[2] I screen the complaint under 28 U.S.C. § 1915A.  I find that he has not pled a colorable due-process claim, and I dismiss the complaint without prejudice and with leave to amend by **September 10, 2026**.

**Background**

**A.    Walkker's factual allegations**[3]

Walkker alleges that in December 2024 he was moved due to a pending notice of charges.[4]  An officer inventoried his belongings while he was not there.  When he got the inventory sheet, he saw that half of his property was missing from the sheet.  Walkker showed staff the discrepancies between the inventory sheet and the list of items that he had purchased from the prison store, but staff failed to do anything about it.[5]  Walkker did not have any shoes

---

[1] ECF No. 1-1 at 2.

[2] ECF No. 3.

[3] This is a summary of allegations and should not be taken as findings of fact.

[4] ECF No. 1-1 at 2.

[5] *Id.* at 3.

until he was issued a slip-on pair.  At some point, an officer told Walkker that video showed his former cellmate passing things to different cells.  Despite this video, no action was ever taken. Walkker filed grievances seeking the return of his property, including property with sentimental value.[6]  An officer told Walkker that "they are neglecting your process."

**B.      Walkker's claims**

Based on these events, Walkker claims that the defendants violated the Eighth Amendment, prison regulations, and his right to due process.[7]  Walkker names James Dzurenda, High Desert State Prison, and Lovelock Correctional Center as defendants.  He seeks damages.

**Discussion**

**A.      Screening standard**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity.[8]  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous or malicious, or that fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.[9]  All or part of the complaint may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis in law or fact.  This includes claims based on legal conclusions that are untenable, like claims against defendants who

---

[6] *Id.* at 4.

[7] *Id.* at 3–4.

[8] *See* 28 U.S.C. § 1915A(a).

[9] *See* 28 U.S.C. § 1915A(b)(1)(2).

are immune from suit or claims of infringement of a legal interest which clearly does not exist, as well as claims based on fanciful factual allegations or fantastic or delusional scenarios.[10]

Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief.[11]  In making this determination, the court takes all allegations of material fact as true and construes them in the light most favorable to the plaintiff.[12]  Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers,[13] but a plaintiff must provide more than mere labels and conclusions.[14]  "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations."[15]  "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[16]

**B.     Analysis of claims**

*1.     Walkker does not name any proper defendants.*

To bring a claim under § 1983, a plaintiff must allege "(1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law."[17]  High Desert State Prison and Lovelock

---

[10] *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

[11] *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).

[12] *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

[13] *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (recognizing that pro se pleadings must be liberally construed).

[14] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[15] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

[16] *Id*.

[17] *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

3

Correctional Center are buildings, not "persons" subject to suit under § 1983. I therefore dismiss defendants High Desert State Prison and Lovelock Correctional Center from the entirety of the case with prejudice, as amendment would be futile.

The only other named defendant is James Dzurenda, who Walkker appears to include as a defendant based on his role as the director of NDOC. But a defendant can be held liable under 42 U.S.C. § 1983 "only upon a showing of personal participation by the defendant."[18] "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under [§]1983."[19] Because Walkker does not allege that Dzurenda participated in any way in the alleged violations, he does not state a colorable claim against Dzurenda, and I dismiss Dzurenda from the entirety of the case without prejudice.

As there are no remaining defendants, I dismiss the complaint in its entirety without prejudice and with leave to amend. In order to state a colorable claim in any amended complaint, Walkker must allege that one or more persons acting under color of state law violated his constitutional rights. Although I have dismissed the complaint in its entirety, in the interest of judicial economy, I will briefly address Walkker's claims to provide him with guidance on what the law requires.

---

[18] *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

[19] *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (holding that "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

###### 2.      *Walkker does not state a colorable deprivation of property claim.*

While an authorized, intentional deprivation of property is actionable under the Due Process Clause, neither a negligent nor intentional unauthorized deprivation of property by a prison official is actionable if a meaningful post-deprivation remedy is available for the loss.[20] An authorized deprivation is one carried out under established state procedures, regulations, or statutes.[21]  Put another way, most types of property loss in a prison require the inmate to use the state courts instead of the federal courts.  There are three ways that prison employees may lose or destroy an inmate's property, and only one of them lets an inmate sue in federal court.  The others require the inmate to sue in state court.

A negligent unauthorized deprivation of property belongs in state court.  First, when a prison employee accidentally loses, destroys, or takes an inmate's property, that inmate must sue in state court.  The Supreme Court has ruled that when a state offers a procedure for inmates to be paid back for accidental loss or destruction of their property, the inmate needs to use the state procedure instead of going to federal court.[22]  The State of Nevada allows inmates to bring lawsuits about lost or destroyed property in state court.[23]  A Nevada inmate must therefore sue in state court if a prison employee accidentally loses or destroys the inmate's property.  This is a "negligent unauthorized deprivation of property."

---

[20] *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Quick v. Jones*, 754 F.2d 1521, 1524 (9th Cir. 1985).

[21] *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 436 (1982); *Piatt v. MacDougall*, 773 F.2d 1032, 1036 (9th Cir. 1985); *see also Knudson v. City of Ellensburg*, 832 F.2d 1142, 1149 (9th Cir. 1987).

[22] *Hudson v. Palmer*, 468 U.S. at 533.

[23] *See* NRS § 41.0322.

<u>An intentional violation of an inmate's property rights that violates a prison rule belongs in state court</u>. Second, when a prison employee destroys or takes an inmate's property intentionally and violates a prison rule by doing so, the inmate must go to state court.[24] Again, the State of Nevada allows inmates to bring claims in state court for violations like these.[25]

<u>An intentional violation of an inmate's property rights that is authorized by law or prison rule can go to federal court</u>. Third, when a prison employee intentionally destroys or takes the inmate's property and a prison rule or state law allowed the employee to destroy or take that property, the inmate may go to federal court.[26] This is an "authorized deprivation" of property, and it may violate an inmate's Constitutional rights.

Based on the allegations in the complaint, it appears that Walkker is claiming that one or more prison guards failed to follow proper procedures in securing and inventorying his belongings. As a result, Walkker's former cellmate was able to steal Walkker's property. This appears to be a negligent unauthorized deprivation of property that Walkker would need to pursue in state court rather than federal court.

But in light of Walkker's pro se status, I will give him a chance to file an amended complaint if, having reviewed this screening order, he believes he can state a colorable deprivation-of-property claim. However, I reiterate that Walkker can bring a deprivation-of-property claim in federal court only if he can allege facts to support that the deprivation was an authorized deprivation carried out in compliance with established state procedures, regulations, or statutes.

---

[24] *See Hudson v. Palmer*, 468 U.S. at 533.

[25] *See* NRS § 41.0322. This is an "intentional unauthorized deprivation" of property.

[26] *See Quick v. Jones*, 754 F.2d at 1524.

6

### 3. *Walkker does not state any other colorable claims.*

In the complaint, Walkker references the Eighth Amendment.  The Eighth Amendment protects against "the unnecessary and wanton infliction of pain,"[27] and "the deprivation of a[n] . . .identifiable human need such as food, warmth, or exercise."[28]  Walkker does not allege that he was deprived of any identifiable human need or faced an unnecessary and wanton infliction of pain.  None of the allegations in the complaint support an Eighth Amendment claim, so  I dismiss Walkker's Eighth Amendment claim without prejudice.

Walkker also references prison regulations that he believes were violated.  But allegations that a defendant violated state law are not sufficient to state a claim for violation of the Fourteenth Amendment's due-process clause.[29]  Therefore, Walkker cannot state a colorable due-process claim based on the allegation that the defendants violated prison regulations, and I dismiss any such claim with prejudice as amendment would be futile.

Finally, Walkker mentions issues with the denial of his grievances.  To the extent that Walkker is attempting to bring a claim based on the improper handling of his grievances, I note that prisoners have no standalone due-process rights related to the administrative grievance process.[30]  Thus, Walkker cannot state a colorable due-process claim based on the handling of his grievances, and I dismiss any such claim with prejudice as amendment would be futile.

---

[27] *Vigliotto v. Terry*, 873 F.2d 1201, 1203 (9th Cir. 1989).

[28] *Wilson v. Seiter*, 501 U.S. 294, 304 (1991).

[29] *Swarthout v. Cooke*, 562 U.S. 216, 222 (2011).  (holding that "a 'mere error of state law' is not a denial of due process").

[30] *See Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (holding that a state's unpublished policy statements establishing a grievance procedure do not create a constitutionally protected liberty interest); *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there is no liberty interest in the processing of appeals because there is no liberty interest entitling inmates to a specific grievance process).

**C.     Leave to Amend**

I grant Walkker leave to amend to state a colorable deprivation-of-property claim if he believes he can do so based on the discussion above.  If Walkker chooses to file an amended complaint, he is advised that an amended complaint replaces any previously filed complaint, so the amended complaint must be complete in itself.[31]  This means that Walkker's amended complaint must contain all claims, defendants, and factual allegations that he wishes to pursue in this lawsuit, but it also may not contain claims dismissed in this order with prejudice.  Walkker must file the amended complaint on this court's approved prisoner-civil-rights form, and it must be entitled "First Amended Complaint."  Walkker must follow the instructions on the form.  He need not and should not allege very many facts in the "nature of the case" section of the form.  Rather, in each claim, he should allege facts sufficient to show what each defendant did to violate his civil rights.  **He must file the amended complaint by September 10, 2026.**

**Conclusion**

IT IS THEREFORE ORDERED that a decision on the application to proceed *in forma pauperis* (ECF No. 3) is deferred.

IT IS FURTHER ORDERED that the Clerk of the Court is directed to

- **FILE** the complaint (ECF No. 1-1); and

- **SEND** Walkker the approved form for filing a § 1983 prisoner complaint, instructions for the same, and a copy of his original complaint (ECF No. 1-1).

---

[31] *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal).

IT IS FURTHER ORDERED that

- Walkker's deprivation of claim is dismissed without prejudice and with leave to amend.

- Walkker's Eighth Amendment claim is dismissed without prejudice, but without leave to amend, because none of the allegations in the complaint relate to an Eighth Amendment claim.

- Any due process claims based on violations of state law or the handling of Walkker's grievances are dismissed with prejudice, as amendment would be futile.

If Walkker chooses to file an amended complaint, he must use the approved form and write the words "First Amended" above the words "Civil Rights Complaint" in the caption.  The amended complaint will be screened in a separate screening order.  **If Walkker does not file an amended complaint by September 10, 2026, this action will be subject to dismissal without further prior notice.**

Dated: July 10, 2026

_____
U.S. District Judge

9